HARRISON
vs.
FAULK.

## HARRISON vs. FAULK.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, THE JUDGE OF THE COURT PRESIDING.

A cause will be remanded, if on the trial in the inferior court, the evidence adduced was so confused that the Supreme Court cannot reconcile it with the verdict.

If advantage of the want of an allegation in the plaintiff's petition of putting the defendant in delay be not taken by way of exception, proof of the putting in delay is admissible on the trial, and it is too late for the defendant to oppose its introduction.

The wife, although separated in bed and board from her husband, cannot, without his consent, give a power of attorney to alienate her real estate; though, without his consent, she may give such power in regard to her personal property.

The facts of this case are fully stated in the opinion of the court, delivered by PORTER, J.

This is an action brought to recover from the defendant the price of a plantation and slave, sold to him so far back as the year 1826, and payable in annual instalments. The plaintiffs base their action on the contract of sale, and allege that the notes which were given at the time of the conveyance, have come into the hands of the defendant through fraud and collusion with one James Fort Meese, who had a license to practice law.

The answer contains a plea of payment, and an averment that the defendants have been evicted of the land purchased.

An amended petition was filed, in which the plaintiff allege that the notes were in the parish judge's office of Ouachita, where they had been placed by Meese, in consequence of an agreement entered into by him, by which he received the original contract without their consent and approbation.

The cause was submitted to a jury, who found a verdict for the defendant. The plaintiffs appealed.

Mathews, J., delivered the opinion of the court.

We have examined, attentively, the facts as they appear on record, and waving for a moment all question as to the authority of the agent, which was so much contested below, we have been unable to reconcile the verdict with the evidence. It has produced the conclusion on our minds, that the whole debt was not paid. It is true, the proof adduced is most confused and perplexed, and it is the diffidence produced on our minds by this circumstance, which has alone prevented us from acting definitely on this case. We think it must be remanded, and in doing so, we cannot help suggesting to the parties, that the ends of justice would be much promoted, by sending the cause before auditors or referees to adjust the accounts.

*A cause will be -emanded, if on the trial in the inferior court, the evidence adduced was so confused that the Supreme Court cannot reconcile it with the verdict.*

It may facilitate the next trial of the cause, if we express an opinion on some of the points of law which were contested below.

An objection was made that no testimony could be received, that the defendants were put in *morâ*, becaue the facts had not been alleged in the petition. We think the court did not err in admitting the proof; the putting the party in delay, if necessary at all, on obligations such as there sued on, was a condition precedent, and the defect of not averring the demand, should have been taken advantage of by way of exception.

*If advantage of the want of an allegation in the plaintiff's petition of putting the defendant in delay, be not taken by way of exception; proof of the putting in delay is admissible on the trial, and it is too late for the defendant to oppose its introduction.*

We think the pleadings authorised the introduction of the notes first given. It is true the original petition declared on the act of sale, and alleged the notes had come into the hands of the defendant, but the amended one, set out the fact of their being in the parish judge's office, the manner they came there, and prayed they might be brought into court, and concluded by praying judgment.

The powers of attorney were correctly admitted. But in so deciding, it is necessary to state that we are of opinion the wife could not give a power of attorney without the consent of her husband, to alienate her real estate, and that, although separated from him in bed and board. She had the power

WESTERN DIS
*October*, 1883.

to alienate her moveable property and administer it, and to that effect the authority given by her could go so far and no further; whether she had the power to acquire real estate, by rescinding the contract she had already entered into in relation to her land and slaves, need not now be examined. If she had the capacity to acquire, it is clear she could not subsequently alienate the property without the marital authority.

The deposition of Meese was admissible to show the assent of the husband or wife to his acts of administration, but not to the alienation of real estate; under the same principle, his receipts for money were good evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the case be remanded for a new trial, the appellee paying the cost of this appeal.